UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
ALLISON ROHLWING,

                Plaintiff,

-against-

ROBERTA ROLLER RABBIT, LLC,

                Defendant.
-------------------------------------------------------------x

Case No. 1:20-cv-03625

Dated: September 1, 2020
New York, New York

SO ORDERED

*[signature]*

HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

### STIPULATION AND ~~PROPOSED~~ ORDER REGARDING INADVERTANT PRODUCTION OF PRIVILEGED MATERIAL

1. If, during the course of this litigation, a party determines it has inadvertently produced a document, data or information (including, without limitation, metadata) protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other privilege or protection recognized under applicable law and rules, the party that produced the material (the "Producing Party") may notify the party that received the material (the "Receiving Party") of such inadvertent production in writing. The Producing Party's written notice will identify the document, data and/or information inadvertently produced by Bates number range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such document, data or information that is consistent with the requirements of the Federal Rules of Civil Procedure and any other applicable rules, setting forth the basis for the claim of privilege or other protection, and in the event any portion of the document, data or information does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document, data or information that omits the information that the Producing Party believes is

subject to a claim of privilege or other protection. It will also demand the return of the inadvertently produced documents, data or information. After receiving such written notification, the Receiving Party must, within ten (10) business days of receiving the written notification, return, sequester, or destroy the specified document, data and/or information and any copies, along with any notes, abstracts or compilations of the content thereof.

2. A Receiving Party's return, sequestering or destruction of such privileged or otherwise protected documents, data and/or information as provided in Paragraph 1 above will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered or destroyed documents, data and/or information on grounds the documents, data and/or information are not in fact subject to a viable claim of privilege or other protection. However, the Receiving Party is prohibited and estopped from arguing that the Producing Party's inadvertent production of the documents, data and/or information in this matter acts as a waiver of applicable privileges or protections, that the disclosure of documents, data or information by the Producing Party was not inadvertent, that the Producing Party did not take reasonable steps to prevent the disclosure of privileged or otherwise protected documents, data or information, and/or that the Producing Party did not take reasonable steps to rectify such disclosure.

The parties shall comply with the Court's Individual Rules to resolve any disputes regarding the production of privileged or otherwise protected documents, data or information.

Dated: August 31, 2020
      New York, New York

| PASHMAN STEIN WALDER HAYDEN | ARKIN SOLBAKKEN LLP |
|---|---|
| By: _____ | By: _Alex Reisen_____ |
| Samuel J. Samaro, Esq. | Lisa C. Solbakken, Esq. |
| Yelena Yukhvid, Esq. | Deana Davidian, Esq. |
| Court Plaza South | Alex Reisen, Esq. |
| 21 Main Street | 900 Third Avenue, 18th Floor |
| Court Plaza South, Suite 200 | New York, NY 10022 |

Hackensack, New Jersey 07601

*Attorneys for Plaintiff*

*Attorneys for Defendant*

_____

So Ordered
Dated: September 1, 2020